JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-00574-SSS-SPx | Date | May 15, 2024 |
|---|---|---|---|
| Title | *Renee Miller v. Hilti, Inc., et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [Dkt. 11]**

Before the Court is Plaintiff Renee Miller's motion for remand [Dkt. 11], set for hearing on Friday, May 17, 2024.  Defendants' opposition to the motion [Dkt. 14] was filed on April 30, 2024.  As set forth below, Plaintiff's motion is **GRANTED**.

Local Rule 7-9 requires an opposing party to file an opposition to a motion not later than twenty-one days before the designated hearing date. L.R. 7-9. A party that does not file an opposition, or fails to file its opposition by the established deadline, may be deemed to have consented to the granting of the motion. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on failure to oppose motion as required by local rules); *see also Duke Partners, LLC v. Wardop*, No. 16-00950, 2016 WL 10968144 at *1 n.1 (C.D. Cal. June 20, 2016) (noting that defendants' failure to oppose motion to remand "provides grounds for granting the motion" under Local Rule 7-12 and *Ghazali*).

Here, Defendants' opposition was due April 26, 2024 – four days before their brief was filed with this Court.

Before granting a motion as unopposed under a local rule, courts consider: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the parties, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53, quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, No. 10-00901, 2012 WL 12964893 at *1 (C.D. Cal. Nov. 7, 2012). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had ample opportunity to respond yet failed to do so. *See Ghazali*, 46 F.3d at 54; *see also Masi v. J&J Maint., Inc.*, No. 19-00121, 2019 WL 5079550 at *2 n.2 (E.D. Cal. Oct. 10, 2019) (noting that "[c]ourts have considered [the *Ghazali*] factors in the context of an unopposed motion to remand").

Consideration of the *Ghazali* factors convinces the Court that granting the motion is appropriate. Plaintiff timely met and conferred with Defendants before filing her motion. Defendants therefore had notice and ample opportunity to respond yet failed to do so. *See Flores v. FCA US LLC*, No. 22-6278, 2020 WL 5549140 at *2 (C.D. Cal. Sept. 15, 2020). Moreover, in the context of a motion for remand, the risk of prejudice to the parties is relatively reduced because the action will continue relatively unchanged – albeit in a different forum.

Finally, the Court notes that Defendants' declaration regarding excusable neglect does not alter its assessment of the *Ghazali* factors or conclusion that remand is appropriate here. [Dkt. 13].

For these reasons, the Court **GRANTS** Plaintiff's motion for remand. The case is **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**